THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW STEVEN GRAY,<br><br>   Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | CASE NO. CR09-0170-JCC<br><br>ORDER |

This matter comes before the Court on Andrew Steven Gray's petition for writ of coram nobis (Dkt. No. 80). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the petition for the reasons explained herein.

I.    BACKGROUND

On October 8, 2009, Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and to marijuana possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (Dkt. No. 30.) The felon-in-possession offense was predicated on a 2004 state conviction for violation of the controlled substances act ("VUCSA"). (Dkt. No. 14 at 1.) The Court sentenced Petitioner to 48 months of incarceration, followed by four years of supervised release. (Dkt. Nos. 59, 60.) Petitioner has served his sentence in full. (Dkt. Nos. 80 at 5, 84 at 2.)

Since then, there have been three relevant developments in the law. In *Rehaif v. United*

*States*, the United States Supreme Court held that under 18 U.S.C. § 922(g), the Government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019). Two months later, the Ninth Circuit decided *United States v. McAdory* and held that for purposes of § 922(g), a defendant's prior conviction may serve as predicate felony only if the conviction *actually* exposed the defendant to a term exceeding one year. 935 F.3d 838, 844 (9th Cir. 2019).[1] Finally, in *State v. Blake*, the Washington State Supreme Court struck down the VUCSA statute, finding that it violated the due process clauses of the federal and state constitutions. 480 P.3d 521, 525 (Wash. 2021). In light of *Blake*, the King County Superior Court vacated Petitioner's VUCSA conviction on October 21, 2022. (*See* Dkt. No. 80-2.)

Based on these developments, Petitioner filed a petition for writ of coram nobis on October 20, 2023—approximately four years after *Rehaif* and *McAdory*, and one year after the state court vacated his predicate VUCSA conviction pursuant to *Blake*. (*See* Dkt. No. 80.) The petition asserts two separate grounds for vacating Petitioner's § 922(g) conviction: (a) that Petitioner is actually innocent of being a felon in possession (because his predicate offense was not punishable by more than a year under *McAdory*, and his prior conviction itself was declared *void ab initio* under *Blake*), and (b) that his plea to a § 922(g) crime was involuntary because he did not make it knowingly (*i.e.*, he did not have notice that the federal charge against him was predicated on an unconstitutional state law, nor that the state conviction did not qualify as a predicate offense because he was never exposed to more than a year in prison). (*See id.*)

II. **DISCUSSION**

A writ of error coram nobis is an "extraordinary remedy [to be rendered] only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S.

---

[1] Before *McAdory*, a predicate felony under § 922(g) was a crime punishable by a term of imprisonment exceeding one year *as defined by the statute of violation*. *See United States v. Murillo*, 422 F.3d 1152, 1153 (9th Cir. 2005), *recognized as overruled by United States v. Valencia-Mendoza*, 912 F.3d 1215, 1222 (9th Cir. 2019).

502, 511 (1954). To qualify for relief under the writ, Petitioner must show the following: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007) (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)). Here, the parties focus their briefing on the second requirement: whether valid reasons exist for Petitioner's delay in challenging his conviction. Specifically, the Government contends that because Petitioner's § 922(g) conviction was subject to challenge in 2019 (after *Rehaif* and *McAdory* were decided), his failure to do so for the last four years bars his claim for coram nobis relief. The Court disagrees.

As Petitioner correctly notes, the state court only vacated his underlying conviction within the last year. (Dkt. Nos. 80 at 5, 85 at 1–2.) Therefore, While Petitioner could have attacked his conviction earlier based on *Rehaif* and *McAdory*—he could not have done so based on *Blake*. There is no support for the contention that a failure to promptly attack a conviction on one ground precludes attacking a conviction on a new, separate ground. Under the Government's logic, an individual who becomes eligible for coram nobis relief, but delays seeking such relief without valid reason, would consequently be eternally barred from seeking coram nobis relief based on *any and all future developments of the law*—regardless of the relative strength of the various potential claims. To the Court, this seems an absurd result. Accordingly, it concludes that Petitioner's delay in seeking coram nobis relief under *Rehaif* and *McAdory* does not bar him from seeking relief under *Blake*.

Having decided this preliminary matter, the remaining issue is whether Petitioner's timing in attacking his conviction under *Blake* is valid. Coram nobis petitions are not subject to "a specific statute of limitations." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994). But defendants who delay must "provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." *United States v. Kwan*, 407 F.3d 1005, 1012 (9th

Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).

Here, Petitioner filed his coram nobis petition on October 20, 2023—less than a year after the state court vacated his predicate felony. (Dkt. Nos. 80 at 5, 85 at 1–2.) The Court is doubtful that a filing within the year constitutes a delay at all, let alone undue delay—nor does the Government argue that it is. (*See generally* Dkt. No. 84.) So the Court concludes that, in this instance, there has not been a delay. *See United States v. Jalal*, 2021 WL 2810095, slip op. at 3 (N.D. Ohio 2021) ("The Government has offered no authority for the proposition that a delay of less than one year constitutes undue delay, and therefore the petition is not untimely, and will be addressed on its merits."), *accepted by United States v. Jala*, 2021 WL 2808565 (N.D. Ohio 2021).

Accordingly, the Court FINDS that all coram nobis requirements are met here.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's petition for writ of coram nobis (Dkt. No. 80).

DATED this 8th day of December 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE