THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW STEVEN GRAY, | CASE NO. CR09-0170-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Andrew Steven Gray's renewed petition for writ of coram nobis (Dkt. No. 97). Having thoroughly considered the briefing and the relevant record, the Court DENIES the petition for the reasons explained herein.

In a prior order, the Court granted Mr. Gray's first petition for writ of coram nobis (Dkt. No. 80) and entered an amended judgment (Dkt. No. 91) striking his conviction for Felon in Possession of a Firearm. (*See* Dkt. No. 86.)[1] However, the conviction for Possession of Marijuana with Intent to Distribute remained. (*Compare* Dkt. No. 60, *with* Dkt. No. 91.) Mr. Gray appealed the matter to the Ninth Circuit Court of Appeals, arguing that, because the predicate felony for the stricken firearm conviction was vacated, the Court should have found Mr. Gray's *entire* plea agreement invalid and stricken both counts of conviction. (*See* Dkt. No.

---

[1] The Court described this case's background in that order and will not repeat that information here.

ORDER
CR09-0170-JCC
PAGE - 1

95 at 2.) The Ninth Circuit reasoned that Mr. Gray never sought such relief before *this* Court and declined to consider the issue. (*Id.*)

Thus, Mr. Gray files a second petition, this time he explicitly asks to vacate his remaining conviction "and return the prosecution to its status prior to the plea agreement." (Dkt. No. 37 at 1.) This is necessary, says Mr. Gray, because the plea agreement and the plea negotiation process were so tainted by the defects associated with firearm charge that the entire plea, including drug possession, was effectively involuntary. (*Id.* at 5.)

A writ of coram nobis is an "extraordinary remedy [to be rendered] only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). To qualify, a petitioner must make certain showings. *See United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007). The Court analyzed Mr. Gray's showings when considering the last petition. (*See* Dkt. No. 86 at 3–4.) Nothing has changed and it will not retread that ground here, other than to focus on the final showing, which is dispositive.

At issue is whether allowing the marijuana conviction to stand would be an "error[] of the most fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). The Court does not grasp how the post-conviction developments invalidating Mr. Gray's firearm charge bear on his drug possession charge. Thus, his guilty plea to the drug charge is just as voluntary today as it was then. (*See* Dkt. No. 94 at 10, 14–16, 28) (portion of transcript of change of plea hearing involving drug crime). The Court sees no fundamental error with this result.

Accordingly, Mr. Gray's renewed petition for writ of coram nobis (Dkt. No. 97) is DENIED.

It is so ORDERED this 25th day of August 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR09-0170-JCC
PAGE - 2